UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL W. LOTT, JR., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-06-00042 |
| | § | |
| TEN STAR TRUCK WASH, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Notice to Potential Class Members (Doc. # 13). Plaintiff filed this suit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The FLSA authorizes individuals to assert such claims, on behalf of themselves and of other employees similarly situated, for their employers' wrongful failure to pay overtime wages. *Id.* Plaintiff now seeks to compel Defendant to provide a list of all employees who may be potential class members, and requests the Court to approve the issuance of notice to each of these employees, allowing them to "opt in" to this suit. *See id.* ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Defendant argues that discovery and notice are inappropriate at this time because Plaintiff has failed to produce any evidence that similarly situated employees exist.

**I. Legal Standard**

While the Fifth Circuit has declined to endorse any particular standard for evaluating requests for notice to potential class members under the FLSA, it has affirmed district court decisions utilizing the lenient standard adopted by the United States District Court for the District of New Jersey in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See, e.g.*,

*Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-16 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).  The two-step *Lusardi* approach requires a court, at the first stage, to decide whether notice of the action should be given to potential class members.  *Id.* at 1213-14.  The court's decision at this stage is usually based on the pleadings and affidavits that have been submitted, and is made using a "fairly lenient standard, [which] typically results in 'conditional certification' of a representative class."  *Id.* at 1214.  At the second stage of the *Lusardi* approach, which is usually prompted by a defendant's motion for decertification after some or all discovery has been completed, a court considers additional evidence submitted by the parties in determining whether to decertify the class on the ground that its members are not similarly situated.  *Id.*

Even under the lenient standard of the first stage, a plaintiff must set forth "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" that violated the law.  *Id.* at 1214 n.8 (citation omitted).  Before authorizing notice to potential class members, a court "should satisfy itself that there are other employees of the [employer] who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions."  *Dybach v. Florida Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991); *see also Hunter v. Sprint Corp.*, 346 F. Supp. 2d 113, 119 (D.D.C. 2004) (determining whether employees were similarly situated, for purposes of an FLSA collective action, on the basis of such factors as:  "(1) whether they all worked in the same corporate department, division and location; (2) whether they all advanced similar claims; and (3) whether they sought substantially the same form of relief") (citation omitted).  Unsupported allegations that FLSA violations were widespread and that other similarly situated employees exist are insufficient to warrant notice to potential class members.  *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983).

**II. Analysis**

In this case, Plaintiff has failed to produce evidence that there are similarly situated potential plaintiffs to whom class notice should issue. First, although Plaintiff describes his own duties, salary, and hours, he provides no factual details as to the particular duties, payment provisions, or hours of any other employees. In an affidavit attached to his reply, for example, Plaintiff testifies that his job responsibilities included "managing the facility, greeting customers, tracking other employees' time, and washing trucks," that he was paid a salary of $305.00 per week (or $7.63 per hour), and that he worked an average of seventy hours per week. Paul Lott Aff. ¶¶ 2-3. Plaintiff further testifies that he was denied pay for any hours that he worked over forty hours per week, that he was paid only his hourly wage if he worked for less than forty hours in a week, and that he was not paid if he missed work for any reason. Lott Aff. ¶ 3.

Plaintiff's only mention of other employees, however, is contained in his statement that he is "aware of many nonexempt, managers and vehicle washers employed by [Defendant] who were denied overtime pay but performed similar work tasks both on and off the clock. One such individual is L.T. Guillory." Lott Aff. ¶ 5. This conclusory allegation is insufficient to demonstrate the existence of similarly situated employees. It does not specify which of Plaintiff's various tasks were performed by other employees, nor does it set forth the particular type of FLSA violations allegedly suffered by any other employees. It is unclear from Plaintiff's affidavit, for example, whether other employees were paid on a salaried or per-hour basis, whether, like Plaintiff, they were denied pay for any hours that they worked over forty hours per week, whether they were paid only an hourly wage if they worked for less than forty hours in a week, and whether they were not paid if they missed work. Similarly, that Plaintiff has identified one potential class member, L.T. Guillory, is not enough to warrant authorizing notice to potential class members. Plaintiff has failed to provide any detail as to Guillory's position,

responsibilities, hours, or pay provisions. Additionally, were there only one such similarly situated employee, the more appropriate course of action would be for him or her to join the suit as an additional plaintiff, rather than for the Court to conditionally certify a collective action. In the absence of any detail as to other employees, the Court cannot infer that there was a group of similarly situated employees who were the victims of any single decision, policy, or plan by Defendant.

Furthermore, Plaintiff's hybrid responsibilities, as both a manager and a truck washer, counsel against class notice in this case. As Plaintiff has indicated, he worked for Defendant as both a manager and a truck washer – performing the duties of both positions at the same time. Pl.'s Mot. ¶ 2; Pl.'s Reply ¶ 1; Lott Aff. ¶ 2. The duties of managers and the duties of truck washers, however, vary significantly. Management duties consist of managing the operations of Defendant's facility; ensuring good customer service; quoting prices to customers; supervising, training, evaluating, and disciplining vehicle washers; managing cash control; and ensuring customer and employee safety. William Anecelle, President of Ten Star Truck Wash, Inc., Aff. ¶ 4. The duties of truck washers, on the other hand, consist of washing trucks and include no management or supervisory authority. Anecelle Aff. ¶ 5. Plaintiff, who was assigned both sets of duties, cannot be said to be similarly situated either to managers or to truck washers for purposes of an FLSA collective action. Plaintiff might be considered similarly situated to other employees with similar hybrid duties; however, Plaintiff has not made any allegation that other employees simultaneously performed the roles of both manager and of truck washer.

There is another potential difference between managers and truck washers, moreover, relating to exemption under the FLSA. Defendant asserts that its managers are exempt employees, while truck washers are non-exempt. Def.'s Resp. at 7. As other courts have recognized, "[d]etermining whether an employee is exempt is extremely individual and fact-

intensive, requiring a detailed analysis of the time spent performing administrative duties and a careful factual analysis of the full range of the employee's job duties and responsibilities." *Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216, 220 (D. Conn. 2003) (quotations and citation omitted) (finding that potential plaintiffs were not similarly situated for purposes of an FLSA collective action because the evidence regarding their exempt status would be specific to each). The individualized nature of the exemption analysis is particularly significant here, where Plaintiff appears to have held the unique hybrid position of splitting his time between managerial duties and the duties of a truck washer. In light of the individualized inquiry that would likely be required of Plaintiff's and any other employee's job responsibilities in this case, in addition to Plaintiff's failure to demonstrate the existence of similarly situated employees, notice to potential class members is not warranted.

### III. Conclusion

Plaintiff's Motion for Notice to Potential Class Members is **DENIED** without prejudice to later refiling. Should facts arise as the case advances, which would warrant the issuance of notice to similarly situated potential class members, Plaintiff may file a new motion for notice with the Court.

**IT IS SO ORDERED**.

**SIGNED** this 18th day of August, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT**